## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DENNIS WAYNE JONES**                                              **PLAINTIFF**
**#601335**

**v.**                        **No: 4:20-cv-00638 LPR-PSH**

**BILL GILKEY**                                                    **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Dennis Wayne Jones filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 26, 2020, while incarcerated at the Yell County Jail (Doc. No. 1). On February 2, 2021, defendant Bill Gilkey filed a Notice informing the Court that Jones died on January 24, 2021 (Doc. No. 23).  On March 9, 2021, Gilkey filed an

amended notice indicating that the following individuals were served with the notice: Lora Jones, Amanda Caslow, and Judith Johnson (Doc. No. 25).[1]  On May 3, 2021, Gilkey filed proof that the notice of Plaintiff's death was mailed to these individuals by certified mail return receipt requested on March 9, 2021; Gilkey also attached USPS tracking information.  *See* Doc. Nos. 27-29.  It appears that Amanda Caslow signed the return receipt sent to her; that someone else signed on behalf of Judith Johnson; and that no one signed the receipt sent to Lora Jones.  *Id.*  It also appears that no one retrieved the letter sent to Jones.  Doc. No. 29.

Federal Rule of Civil Procedure ("FRCP") 25(a)(1) provides that following the death of a party, an action must be dismissed if a motion to substitute the party is not filed within 90 days after service of a statement noting the death.  A statement noting the death of a party must be served on parties as provided in FRCP 5 and on nonparties as provided in FRCP 4.  FRCP 25(a)(3).

In this case, Gilkey filed a notice regarding Plaintiff's death with the Clerk of Court in accordance with FRCP 5.  There are no other parties to this case, and Gilkey attempted to serve the notice on several nonparties, including the Plaintiff's wife and ex-wife.  The Court is aware of no other nonparties entitled to service.  The service

---

[1] Before Plaintiff's death, he mailed a notice to the Court asking that his ex-wife Amanda Leigh Caslow be notified in the event anything should happen to him.  He also stated that he was currently married to Lora Faith Jones, but did not know where she was located.  *See* Doc. No. 22.  The Court has no information as to why Judith Johnson was notified.

provided by Gilkey is sufficient for the Court to dismiss the case in the absence of a timely motion for substitution pursuant to FRCP 25(a)(1).  *See e.g.*, *Chobot v. Flowers*, 169 F.R.D. 263, 266 (1996); *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973).  Since it has been more than 90 days since the notice of Plaintiff's death was served, and no motion to substitute a party for Jones has been filed, it is recommended that this case be dismissed without prejudice.  It is also recommended that Gilkey's motion for partial summary judgment (Doc. No. 13) be denied as moot.

DATED this 11th day of June, 2021.

_____

UNITED STATES MAGISTRATE JUDGE